DECISION
This matter is before the Court following the filing by the plaintiff (hereinafter referred to as the School District) on October 12, 1995, of a complaint against the Town of Exeter and the Town of West Greenwich pursuant to Title 16, Chapter 2, Section 21.4 of the Rhode Island General Laws. The defendants (hereinafter referred to by name or as the Towns) each filed an answer and together engaged the certified public accounting firm of Bacon and Edge, P.C. to complete a financial and program audit (hereinafter referred to as the audit), pursuant to said statute, of the School District's 1995-1996 fiscal year budget (hereinafter referred to as the 1995-1996 budget). The provisions of this recently enacted statute essentially provide for judicial determination in the event that, after following prescribed procedures, a school district is dissatisfied with the funding for school purposes provided by the local appropriating authority which level of funding the school district believes precludes it from adequately running the schools for the current school year with a balanced budget as mandated by state law.[1]
After receiving the audit report which is dated February 28, 1996, the parties notified the Court of its completion on March 26, 1996. Because the statute provides that matters of this nature are entitled to expedited treatment in the Superior Court, an expedited schedule for hearing and briefing was set. On April 10, 1996, the Court heard the School District's Motion for Entry of Judgment and the Town of Exeter's Objection to said Motion combined with its Motion for Summary Judgment.
The School District relies on the audit report as evidence substantiating by a preponderance the amount of funding required to legally operate the school system in the 1995-1996 fiscal year. The Towns do not dispute the audit findings including the sums necessary to legally operate the District in said year. At issue is whether the School District may reserve from the 1995-1996 appropriated funding the sum of $274,479 as retained earnings from the 1994-1995 fiscal year for debt service during the 1996-1997 fiscal year.
FINDINGS OF FACT 1. The Exeter-West Greenwich Regional School District is a governmental body organized pursuant to G.L. § 16-2-9.
 2. The Town of Exeter and the Town of West Greenwich are municipalities duly organized under the laws of the State of Rhode Island.
 3. The School District has complied with the provisions of G.L. § 16-2-21.4.
 4. School budgets are flexible documents based on projected expenditures and revenues. School committees have unfettered discretion to move funds from line item to line item once appropriations are made by the appropriating authority. See Coventry School Committee v. Richtarik, 411 A.2d 912, 914 (R.I. 1980); ("Under our law, once an appropriation is made for the use of the school committee, the expenditure of those funds is within the committee's sole and exclusive jurisdiction." (citations omitted)).
 5. The School District's staff submitted a 1995-1996 budget of $13,983,283. The District's Superintendent subsequently submitted a budget of $13,835,436. After initially submitting a budget of $13,650,709, the School Committee revised the amount to $13,446,453 and thereafter decreased its submitted budget to the amount of $13,373,790.
 6. Prior to the audit result, the School District maintained that the amount of $13,266,190 is required for it to fulfill its obligation to meet the provisions of federally and state mandated programs including the Basic Education Program (generally referred to and hereinafter referred to as the BEP) and to pay for its legally incurred contractual and other obligations.
 7. The amount appropriated to the School District for the 1995-1996 budget by the voters at the District's financial meeting is $12,800,000.
 8. The detailed audit substantiates that the District requires the amount $13,131,474 to legally operate in the 1995-1996 fiscal year. The School District and the Towns do not dispute this determination.
 9. Additional funding in the amount of $331,474 ($13,131,474 minus $12,800,000) is required from the Towns for the School District to legally operate.
 10. The School District has the amount of $274,479 as retained earnings/favorable budget variance (hereinafter referred to as retained earnings) from the previous (1994-1995) fiscal year.
 11. On April 8, 1996, at the annual regional district financial meeting, the School Committee's proposed budget for fiscal year 1996-1997 was adopted, including an appropriation of $100,000 from the existing retained earnings amount of $274,479 for the purpose of debt service during the 1996-1997 fiscal year.
AMOUNT OF APPROPRIATION LEGALLY REQUIRED
Under our present law, the school district must "maintain a school budget which does not result in debt" (G.L. 1956 §16-2-9 (c) and a town or district must, at a minimum, appropriate to the school district an amount which together with state and federal aid and other revenues is not less than the costs of the BEP and also the costs of collective bargaining and other lawfully incurred obligations. See Exeter-West GreenwichRegional School District v. Exeter-West Greenwich Teachers'Association, 489 A.2d 1010 (1985). Accordingly, an appropriating authority has no legal obligation at this time to fund anything other than sums necessary to comply with the BEP and state and/or federally mandated programs together with the costs of collective bargaining contracts and other lawfully incurred obligations. To the extent that an appropriating authority may choose to fund a more enriching or expansive program, it would be a political rather than a legal decision.
An argument has been made that a school district may allocate retained earnings for debt service in the subsequent fiscal year by way of voters adopting a proposed budget including such allocation at that district's annual financial meeting. In fact, after considering the complete financial position of the Exeter-West Greenwich School District, the auditors concluded that retained earnings "should not be used in the [1995-19]96 Exeter-West Greenwich budget calculation." (Emphasis in original). (Audit report, p. 32). The reasons for said recommendation are:
 "The District should accumulate some retained earnings to improve its borrowing ability and assist in lowering future borrowing rates. . . . [A]llowing the accumulation of retained earnings is cost effective in the long run. Rating agencies prefer that an entity . . . have retained earnings of approximately 5% of its annual budget."
Further, the auditors note that use of one time only revenue sources, such as retained earnings, to reduce operating budgets results in a
 "need in the succeeding year to budget more to cover the loss of the one time only revenue. This shifting of financial responsibility is misleading to taxpayers and can often result in large swings in budgetary requirements." Id.
While this recommendation may be laudable and certainly represents a sound approach toward achieving financial stability, in the context of this dispute between the appropriating authorities (the towns) and the School District, it must be rejected by this Court. Under our present law, the School District cannot seek additional appropriations by setting aside an existing favorable variance to service debt in a subsequent fiscal year. Rather, it must apply the retained earnings amount of $274,479 toward the present deficit amount of $331,474.
Based upon application of our existing law to the facts as found, this Court holds that the amount appropriated to the School District is $56,995 less than is needed in order for the School District to adequately run the Exeter-West Greenwich School District for the 1995-1996 fiscal year with a balanced budget as mandated by state law. To this extent only, the School District's Motion for Entry of Judgment and the Town of Exeter's Motion for Summary Judgment are granted.
Counsel for the School District shall present an appropriate order and judgment directing each of the Towns to provide its share of the additional $56,995 ($331,474 minus $274,479) to the School District which order shall be settled after notice. Nothing herein contained shall be construed as an order or direction to the School Committee with respect to the expenditure of such additional funding.[2]
[1] See Beil v. Chariho School Committee, No. 95-502, Slip Op. (R.I. filed November 16, 1995) and Coventry School Committee v.Coventry Town Council v. Peter McWalters, C.A. 95-6253, January 17, 1996, Silverstein, J., for expanded review of the background and impact of said statute.
[2] See Finding of Fact 4 at pages 2-3 supra and the case therein cited.